IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**DWAYNE DOMINIC HINES,**

       Petitioner,

v.                                           **CIVIL ACTION NO. 2:20cv522**

**HAROLD W. CLARKE, Director,**
**Virginia Department of Corrections,**

       Respondent.

## REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Dwayne Dominic Hines' ("Petitioner") *pro se* Petition for a Writ of Habeas Corpus ("the Petition") filed pursuant to 28 U.S.C. § 2254, ECF No. 1, and Respondent Harold W. Clarke's ("Respondent") Motion to Dismiss, ECF No. 18. The matter was referred for a recommended disposition to the undersigned United States Magistrate Judge ("the undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J). For the following reasons, the undersigned **RECOMMENDS** that Respondent's Motion to Dismiss, ECF No. 18, be **GRANTED**, and the Petition, ECF No. 1 be **DENIED** and **DISMISSED WITH PREJUDICE**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 8, 2016, Petitioner was convicted in Petersburg Circuit Court of second-degree murder and use of a firearm in the commission of a felony. ECF No. 20 at 1; ECF No. 1 at 1. Petitioner was sentenced to jail for 20 years on the murder conviction and three years for the firearm conviction. ECF No. 20, attach. 1 at 1. 1. Petitioner filed a direct appeal of his convictions on May 16, 2017. ECF No. 20, attach. 2. The Court of Appeals of Virginia denied Petitioner's direct appeal on September 19, 2018. ECF No. 20, attach. 5 at 1. Petitioner did not file an appeal with the Supreme Court of Virginia. More than one year later, Petitioner filed a state habeas petition on December 20, 2019. ECF No. 20, attach. 7 at 1. The Supreme Court of Virginia denied the petition because it was untimely pursuant to Virginia Code Section 8.01-651(A)(2) since it was not filed within one year from September 19, 2018—the date of the final disposition of Petitioner's direct appeal. *Id.*

On October 19, 2020, the Court received Petitioner's instant *pro se* § 2254 Petition for federal habeas relief. ECF No. 1 at 15. On September 16, 2021, Respondent filed a Motion to Dismiss, a Rule 5 Answer, a Brief in Support of Motion to Dismiss, and *Roseboro* Notice. ECF Nos. 18-21. On October 10, 2021, Petitioner filed a response to the motion to dismiss. ECF No. 25. Therefore, the instant Petition and Motion to Dismiss are ripe for recommended disposition.

## II. DISCUSSION

Before considering the merits of a federal habeas petition, the preliminary inquiry must be whether Petitioner's federal habeas petition was timely or may be excused for untimely filing under the Anti-terrorism and Effective Death Penalty Act ("AEDPA").

A. <u>Timeliness</u>

   *1. Statute of Limitations under the AEDPA.*

   "On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ('the AEDPA')." *Gilmore v. Ballard*, No. 2:09-CV-00041, 2009 WL 6319261, at *1 (S.D.W. Va. Oct. 22, 2009), *report and recommendation adopted in part*, No. CIV. A. 2:09-00041, 2010 WL 1286891 (S.D.W. Va. Mar. 26, 2010). As Respondent notes, this case is governed by the limitation period set forth in the AEDPA. ECF No. 20 at 6. The applicable section of the AEDPA provides, in pertinent part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) of the AEDPA further provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Therefore, Section 2254 petitions are subject to a one-year statute of limitations and must be dismissed if they are filed later than one year after

3

the expiration of the time to seek direct review of the highest state court's decision by the Supreme Court of the United States. *See* 28 U.S.C. § 2244(d)(1)(A).

*2. The Petition is untimely.*

Because Petitioner did not appeal to the Supreme Court of Virginia, his judgment became final for purposes of AEDPA thirty days after the Court of Appeals denied his direct appeal. *See* Va. Sup. Ct. R. 5A:6 (stating that a notice of appeal must be filed within thirty days of final judgment); *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired) (citing 28 U.S.C. § 2244(d)(1)(A)). Thus, in the instant matter, Petitioner's judgment became final for AEDPA purposes on October 19, 2018, which is thirty days after the Court of Appeals of Virgina denied Petitioner's direct appeal. ECF No. 20, attach. 5 at 1. Applying the one-year AEDPA deadline, Petitioner's statute of limitations for filing a petition for federal habeas corpus relief under 28 U.S.C. § 2244(d)(1)(A) expired on October 21, 2019.[1] The instant Petition was filed on October 2, 2020[2], which is 347 days (eleven months and eleven days) beyond the 365-day (one-year) deadline provided by the AEDPA. ECF No. 1 at 15. Unless

---

[1] One year from October 19, 2018, is October 19, 2019—which falls on a Saturday. Accordingly, Petitioner's deadline to file a federal habeas petition would expire the following Monday, October 21, 2019. *See* Fed. R. Civ. P. 6(a)(1)(C).

[2] Although the Petition was received by the United States District Court for the Eastern District of Virginia in the Norfolk Division on October 19, 2020, the undersigned affords Petitioner the benefit of the "prison mailbox rule," which deems prisoner court filings to be "filed" as of the date that the documents are given to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) and Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts. *See also Booker v. Clarke*, No. 1:15CV781 (JCC/JFA), 2016 WL 4718951, at *4 (E.D. Va. Sept. 8, 2016), *appeal dismissed*, 678 F. App'x 152 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 234, 199 L. Ed. 2d 152 (2017), *reh'g denied*, 138 S. Ct. 538, 199 L. Ed. 2d 414 (2017) ("For federal purposes, a pleading submitted by an incarcerated litigant acting *pro se* is deemed filed when it is delivered to prison officials for mailing.") (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

Petitioner is entitled to application of either statutory tolling or equitable tolling, the untimeliness of the Petition bars this Court's review of the same.

3. *Petitioner is not entitled to statutory tolling.*

As explained in Part II.A.1, *supra*, Section 2244(d)(2) of the AEDPA provides for tolling of the federal one-year statute of limitations during the pendency of a "properly filed" state habeas petition. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). The undersigned finds that the benefits of statutory tolling (pursuant to 28 U.S.C. § 2244(d)(2)) are unavailable to Petitioner. To be properly filed, the petition must comply with the state's procedural rules imposed on post-conviction petitions. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-17 (2005) (denying statutory tolling to an improperly filed petition when the state court rejected the petition as untimely), and violation of those rules, including "time limits, place for filing and filing second or successive petitions," will render that petition improperly filed and ineligible for statutory tolling. *Rodgers v. Angelone*, 113 F. Supp. 2d 922, 929 (E.D. Va. 2000).

Petitioner's state habeas petition was dismissed by the Supreme Court of Virginia as untimely because Petitioner filed his state petition more than a year after the Virginia Court of Appeals denied his appeal. *See* ECF No. 20, attach. 7 at 1. Since Petitioner's state habeas petition was not properly filed, he is not entitled to any statutory tolling pursuant to 28 U.S.C. § 2244(d)(2).

Having determined that statutory tolling is unavailable to Petitioner, the undersigned considers Petitioner's final refuge: equitable tolling.

*4. Petitioner is not entitled to equitable tolling.*

"To qualify for equitable tolling, a petitioner must demonstrate both that (1) he had been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." *Rashid v. Clarke*, No. 1:18CV262 (TSE/MSN), 2018 WL 1937349, at *3 (E.D. Va. Apr. 24, 2018) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005))). In the Fourth Circuit, that means "the petitioner is obliged to specify the steps he took in diligently pursuing his federal claim, and a lack of diligence generally acts to negate the application of equitable tolling." *Rashid*, 2018 WL 1937349, at *3 (citing *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001)). "In addition, the petitioner must 'demonstrate a causal relationship between the extraordinary circumstance on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the circumstances.'" *Rashid*, 2018 WL 1937349, at *3 (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Petitioner does not offer any reason why the instant Petition was not timely filed. Petitioner does indicate that his attorney "abandon[ed]" him and did not pursue Petitioner's direct appeal to the Supreme Court of Virginia or the Supreme Court of the United States. ECF No. 1 at 13. However, in considering Petitioner's direct appeal and counsel's motion to withdraw, the Court of Appeals noted that Petitioner was "now proceeding without the assistance of counsel in this matter and [was] representing himself on any further proceedings or appeal." ECF No. 20, attach. 5 at 5. Thus, Petitioner was on notice that he would be required to represent himself in any further appeals of his convictions. Petitioner does not provide any details about what steps he took to diligently

6

pursue his federal habeas claim nor does Petitioner allege any extraordinary circumstance that warrants equitable tolling.

The undersigned's reluctance to find that Petitioner has demonstrated entitlement to equitable tolling is further informed by the Fourth Circuit's recognition that equitable tolling is to be applied only in rare circumstances. *See Rouse*, 339 F.3d at 246 ("We believe, therefore that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result."). Ultimately, Petitioner has failed to demonstrate that application of equitable tolling is warranted. To hold otherwise would run afoul of the Supreme Court's "historic limitation of equitable tolling to extraordinary circumstances beyond a petitioner's control." *Whiteside v. United States*, 775 F.3d 180, 187 (4th Cir. 2014).

Therefore, the undersigned finds that Petitioner is not entitled to equitable tolling, and **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED** on the basis of Respondent's timeliness argument.

### III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 18, be **GRANTED**, and the Petition, ECF No.1, be **DISMISSED WITH PREJUDICE.**

### IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C)

and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner and to counsel for Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge
Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
July 15, 2022